OPINION OF THE COURT — nr
Chief Justice TURNER.
This is an action of debt founded on a decree in chancery, rendered in the circuit court -of Hogan county, Kentucky.
The defendant pleaded niel tiel record, and another plea which was withdrawn. The court below rendered judgment for the plaintiff below, on the plea of n. t. record; arid the defendant below sued out a writ of error to this court.
*422 Several errors are assigned^ in substance as follows, viz:—
1st. That the cause of action set forth in the declaration is not such as will support an action at law.
2d. That the record offered ought not to have been received, and general errors assigned.
In considering the first assignment of error, we find enquiry arrested by the statute of amendment and jeofails — Rev. code, page 134, sec. 91, which provides, that after the verdict of 12 men, no judgment shall be stayed or reversed for any mistake or misconception of the form of action, or for any other defect whatever, in the declaration or pleading, whether of form or of substance, which might have been taken advantage of by a demurrer, and which shall not have been so taken advantage of; — neither shall any judgment entered by nil dicit, or non sum informatus, be reversed, nor a judgment after enquiry of damages be stayed or reversed for any omission or fault which would not have been a good cause to stay or reverse the judgment, if there had been a verdict.
It has been said that this statute is as broad and comprehensive as it is possible to make it; and it is unnecessary for this court, on this occasion, to look into the reasons for which the legislature of our state passed subh an act. It is obvious that the defendant below might have availed himself of a demurrer to the declaration, for the purpose of obtaining the judgment of the court on the cause of action set forth therein.- The cause of action is fully and accurately set forth.
There are some decrees in chancery on which an action at láw may be maintained; — there are others of a character purely equitable, for instance, on which the courts of law have refused to lend their aid. This important subject, although frequently discussed and adjudicated on in England and the United States, is new to us in our state practice.
It.appearsthat the transcript of the record adduced in evidence is duly •certified according to the act of congress. It is under the seal of the court, certified by. the clerk, and by die judge, that the attestation is in due form; acts of May 26,1790.
The debt declared on is set forth with technical certainty and precision. The date corresponds with the date of the decree vs. Comfort, although the *423 -cause was continued for further proceedings against another defendant in the chancery court.
It is true that the decree called for interest on a sum certain, from a day anterior to the date of the decree; but the sum sued for in that suit is certain; the time when it was due is certain; and the rate of interest, six per cent per annum, is likewise certain. The plaintiff below calculated the interest on the original sum due, up to the date of his writ, and declared for it as a part of the debt then due. But he shewed specifically, on what he based his calculations, and verified the same by the record; and wo perceive no variance between the declaration and the transcript, unless the words “till paid,” (following the recital of the interest decreed to the •complainant) be considered so. But I am of opinion that that expression, not being set down in a recital, is according to the legal effect of the decree.
According to former decisions given in this court, a writ of enquiry should have been awarded to ascertain the legal rate of interest due on the foreign judgment, if it had not appeared in the decree of the court. — • It does so appear in the transcript, and on the face of the declaration. It was then as much a matter of course for the clerk to calculate the interest on this demand, as in case of a suit on a bond or note for a sum and interest certain, given-in a foreign country and sued on here — Rev. code, page 120; section 67. The interest, when calculated by the clerk, is as much or more under the control of the court, as if a writ of enquiry had • been executed by a jury.
Judgment affirmed.